UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:10-00098 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| DANIEL W. GREEN ) | |

GOVERNMENT'S OPPOSITION TO CONTINUANCE OF TRIAL

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, respectfully opposes any continuance of this trial and files this brief response in an effort to get the government's position before this Court quickly.

Pursuant to 18 U.S.C. § 3161(c) and (d), a thirty-day continuance after a superseding indictment is not a statutory mandate:

> (c) (1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.
>
> (2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant *first appears through counsel* or expressly waives counsel and elects to proceed pro se.
>
> (d) (1) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is

1

> filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.
>
> (2) If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final, except that the court retrying the case may extend the period for trial not to exceed one hundred and eighty days from the date the action occasioning the trial becomes final if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

18 U.S.C.A. § 3161. The Supreme Court has held that a defendant is not entitled to a thirty-day continuance upon the filing of a superseding indictment, because "[t]he statute clearly fixes the beginning point for the trial preparation period as the first appearance through counsel." *United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985). A District Court has broad discretion of whether to continuance if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id*. at 236. In *Rojas-Contreras*, the Supreme Court upheld the District Court's denial of defendant's motion on the eve of trial for a continuance subsequent to a superseding indicting that merely corrected a date (by 10 days), stating that there was no prejudice to the defendant by this change. *Id*. at 236-37. In this case, the defendant first appeared with counsel in 2010 when the case was first charged and has had a significantly long time to prepare for trial. Additionally, the defendant was well aware of the mistake in the indictment subsequent to this Court's hearing on September 20, 2013, which consisted of a typographical error in that the penalty statute in Counts One and Two were listed

2

as 18 U.S.C. § 2251(d), instead of the correct 18 U.S.C. § 2251(e). This correction in the indictment is not substantive, does not change anything about how the trial will proceed, and is less of a change than the date in the *Rojas-Contreras* case.

Significantly, the government notes that two different child witnesses will be testifying in this case as to Counts One and Two of the indictment. The children were approximately seven and ten years of age at the time they reported the offenses, and they are now eleven and fourteen years of age. The government has been working with them to prepare them for trial, which undoubtedly causes stress for them.

The Federal Victims' Protection and Rights Act of 1990 was enacted in part to address the inherent concerns and issues arising in cases in which children are called to testify as witnesses in judicial proceedings either because they have been the victim of a crime involving physical abuse, sexual abuse and/or exploitation or when they are a witness to a crime that has been committed against another person. 18 U.S.C. § 3509. Subsection (j) of Title 18, Section 3509 pertains to ensuring a "speedy trial" for such cases and states:

> In a proceeding in which a child is called to give testimony, on motion by the attorney for the Government or a guardian ad litem, or on its own motion, the court may designate the case as being of special public importance. In cases so designated, the court shall, consistent with these rules, expedite the proceedings and ensure that it takes precedence over any other. The court shall ensure a speedy trial in order to minimize the length of time the child must endure the stress of involvement with the criminal process. When deciding whether to grant a continuance, the court shall take into consideration the age of the child and the potential adverse impact the delay may have on the child's well-being. The court shall make written findings of fact and conclusions of law when granting a continuance in cases involving a child.

3

18 U.S.C. §3509(j). A "child" is defined as "a person who is under the age of 18." 18 U.S.C. § 3509(a)(2). Although the government has not requested this Court designate this case as being of special public importance, the government submits that the facts in this case are precisely those that this statute is meant to address. In the instant case, the government is particularly concerned about the well-being of these two children. They have had to wait for an extended period of time for this trial, as the defendant's crimes against these children occurred in 2009. Additionally, they have already prepared for this trial, and it is common sense to assume that a continuance of this trial and requiring them to prepare for trial anew in several months is a significant stress to their wellbeing.

Therefore, in order to minimize the impact and further stress the children will have to endure resulting from involvement in the ongoing criminal process, the government is respectfully requesting this case be not be continued and if necessary to deny a continuance in the case, be designated as one of "special public importance." Once so designated, the government is respectfully requesting this Court ensure the case proceed to trial on Tuesday as planned.

    Respectfully submitted,

    DAVID RIVERA
    Acting United States Attorney for the
    Middle District of Tennessee

    s/ S. Carran Daughtrey
    S. Carran Daughtrey
    Assistant United States Attorney
    110 Ninth Avenue South, Suite A-961
    Nashville, Tennessee 37203-3870
    Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing has been delivered to Jennifer Thompson, attorney for defendant, via electronic filing, on this, the 20th day of September, 2013.

s/ S. Carran Daughtrey
S. Carran Daughtrey