UNITED STATUNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:10-00098 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| DANIEL W. GREEN | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE #4

The United States of America, by and through S. Carran Daughtrey, Assistant United States Attorney for the Middle District of Tennessee, respectfully responds to defendant's Motion in Limine #4, which requests this Court prohibit the government from admitting any evidence of possession of any child pornography by Mr. Green before or after the dates listed in the indictment. The government believes that defendant is referring to a computer that defendant used to collect child pornography after the dates noted in the indictment and while living in Illinois. The government has provided the defense with access to that computer and does not intend to introduce that evidence unless it is needed for rebuttal in some limited circumstances. For the reasons stated below, the government respectfully requests the defendants fourth motion be denied.

**Statement of Case**

In this case, defendant Daniel Green has been indicted with two counts of Production of Child Pornography, in violation of 18 U.S.C. §2251(a), and Receipt of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2)(A). The production counts involve two girls who were

1

ages 7 and 10 at the time they told their grandmother, on November 19, 2009, that defendant had molested them and recorded it. Defendant quickly became aware of the nature of the allegations against him. Subsequently, a state search warrant was obtained and then executed on November 25, 2009, at the home of defendant. Two computers were seized and submitted for forensic review: a Dell Dimension Tower with a Western Digital hard drive, and an eMachines Tower with a Hitachi hard drive. By the time the computers were seized, the child pornography had been deleted, although a forensic examiner usually cannot determine when a file was deleted. The computer forensic examiner, however, was able to find numerous non-pornographic and pornographic images of the two girls. Some of the images of the girls include images of them performing oral sex on an adult male. Other images and videos of child pornography depicting unknown children were also found on the computers.

Defendant left Tennessee shortly after the young girls reported the molestation. He subsequently was arrested on April 7, 2010, in Illinois, where he was living with family members. A family members computer that defendant had used was turned over to law enforcement officer. A subsequent forensic examination revealed that defendant had continued to traffic child pornography after leaving Tennessee.

The government does not plan to introduce the evidence found in Illinois in its case in chief, although case law suggests that such evidence could be admissible. Rather, the government expects that this evidence could be relevant as rebuttal evidence should defendant testify or the defense raise any one of several defenses. That is, the evidence may be admissible for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 401, 403, and 404(b)(2).

## Legal Analysis

Relevant evidence of other bad acts can be admitted to show lack of mistake, accident, or knowledge if the probative value is not substantially outweighed by unfair prejudice. Fed.R.Evid. 401, 403, and 404(b). Pursuant to Rule 401, "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Next, Rule 404(b) explicitly permits introduction of bad acts evidence under limited circumstances:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b). Finally, Rule 403 does limit such admissibility, but only if the probative value of the relevant evidence "is substantially outweighed by a danger of . . . unfair prejudice. Fed.R.Evid. 403.

At the time of this filing, the government is unaware of any formal defenses other than the attempt to attack the character of one of the government's witnesses, as detailed in a previously filed sealed motion. However, should the defendant argue that his collection of child pornography was incidental to the collection of adult pornography, that he was unaware that it was present on the machine, or that someone else was responsible for the production and collection of child pornography, the government should be allowed to introduce the evidence that defendant was collecting child pornography on another computer in Illinois. Such evidence would be relevant since it would rebut the testimony or implications made by the defense. Fed.R.Evid. 401. The evidence would show that contrary to allegations of lack of knowledge,

mistake, or identity, this defendant continued to actively collect child pornography after leaving the state of Tennessee by showing his state of mind, including his intent / knowledge, and any absence of mistake, pursuant to Rule 404(b). The government further contends that pursuant to Rule 403, while the defendant would likely be prejudiced by evidence that defendant had collected child pornography on a computer to which he had access in Illinois, this probative value would not be substantially outweighed by the prejudice if the evidence were properly admitted as rebuttal to the above listed or similar defenses. Certainly, additional evidence of the collection of child pornography is significantly less prejudicial than if the government were seeking to admit additional evidence of production.

Notably, bad acts are not limited to those that occurred prior to the charged conduct but can include bad acts that postdate the charged criminal activity. *United States v. Wrice*, 954 F.2d 406, 412 (6th Cir. 1992) (allowing evidence of subsequent criminal activity after defendant denied a material aspect of his criminal activity); *United States v. Ausmus*, 774 F.2d 722, 727-28 (6th Cir. 1985) (finding that defendant's failure to pay taxes, both prior to and following the years in question, demonstrates a pattern, plan, and scheme indicting that his failure to pay taxes . . . was not the result of an accident, negligence, or inadvertence).

Finally, should the government need to introduce this evidence and should this Court permit it, this Court could issue a limiting instruction as to the evidence. *Id*.

## Conclusion

Based on the foregoing and in the event that defendant claims or suggests that he was unaware of the child pornography, that he received it inadvertently, or that someone else was responsible, the government respectfully requests this Court allow introduction of defendant's

4

collection of child pornography in Illinois because it would be appropriately admitted under Rules 401, 403, and 404(b) and the probative value is not substantially outweighed by unfair prejudice. Additional evidence of the collection of child pornography is significantly less prejudicial than if the government were seeking to admit additional evidence of production.

Respectfully submitted,

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

s/ S. Carran Daughtrey
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that a true and correct electronic copy of the foregoing has been delivered to Jennifer Thompson, attorney for defendant, via electronic filing, on this, the 20th day of January, 2014.

s/ S. Carran Daughtrey
S. Carran Daughtrey