UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00098 |
| | ) | JUDGE CAMPBELL |
| DANIEL W. GREEN | ) | |

## ORDER

In Defendant's Motion In Limine Number 1 (Docket No. 73), the Defendant requests advanced access to the forensic interviews of Victims A and B. In its Response (Docket Nos. 79, 82), the Government indicates that the requested interviews will be made available to counsel. The Defendant has not filed a reply indicating the matter is unresolved. Accordingly, the Motion is DENIED, as moot.

In Defendant's Motion In Limine Number 2 (Docket No. 74), the Defendant requests that the Government designate the computer files it intends to introduce as evidence at trial, and if necessary, provide a computer on which to view the evidence. In its Response (Docket Nos. 79, 82), the Government indicates that it has provided defense counsel with such designations. The Government also indicates that it will provide to defense counsel a notebook containing all exhibits. The Defendant has not filed a reply indicating the matter is unresolved. Accordingly, the Motion is DENIED, as moot.

In Defendant's Motion In Limine Number 3 (Docket No. 75), the Defendant requests an order prohibiting introduction of any sexual-related devices seized from his home. In its Response (Docket No. 79), the Government argues that such evidence is admissible as to the Defendant's state of mind at the time of the alleged offenses. The Government alleges that the

items were located close to the computers that contained the images of child pornography and in the vicinity of the area in which the Defendant produced child pornography. Neither party has cited legal authority to support their respective arguments. The Court RESERVES ruling on the Motion until the Pretrial Conference, at which time the parties should be prepared to discuss the applicable evidentiary rules and case law supporting their respective arguments.

In Defendant's Motion In Limine Number 4 (Docket No. 89), the Defendant seeks to prohibit the Government from introducing any evidence of his possession of child pornography outside the dates alleged in the Superseding Indictment, and seeks a jury-out hearing before the admission of any evidence that has not been designated by the Government as evidence to be presented at trial. In its Response (Docket No. 123), the Government indicates that it does not intend to introduce such evidence in its case-in-chief. Accordingly, the Motion is DENIED, as moot. In the event the Government seeks to introduce such evidence in rebuttal, it shall notify the Court and the Defendant, and the Court will consider the issue during a jury-out hearing.

In its First Motion In Limine (Docket No. 87), the Government seeks a ruling that the trade inscriptions, tags or labels affixed to the two computer hard drives to be offered at trial are self-authenticating as to their origin under Fed. R. Evid. 902(7), and that the trade inscriptions are not "statements" within the meaning of Fed. R. Evid. 801. In his Response (Docket No. 112), the Defendant argues that he "may still put on evidence to show that the hard drive is a counterfeit drive, that the label is inaccurate or false, or other similar proof." (Docket No. 112, at 2). The Defendant further argues that he may choose to put on proof that the labeling process is poorly regulated. (Id.)

Rule 902(7) provides:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

\* \* \*

(7) Trade Inscriptions and the Like. An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

The Court RESERVES ruling on the Motion until the Pretrial Conference, at which time the Defendant may present evidence to support the arguments made in his Response, and the parties may present additional authority in support of their respective positions.

It is so ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE