# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-cr-00098 |
| | ) | JUDGE CAMPBELL |
| DANIEL W. GREEN | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF AMENDED MOTION OF THE UNITED STATES FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America has moved for a Preliminary Order of Forfeiture against Defendant Daniel W. Green based on the statement of facts at the Defendant's plea hearing, the District Court's acceptance of the Defendant's plea of guilty as to Counts One, Two, and Three of the Superseding Indictment in this case, and his stipulation to forfeiture entered at Docket Entry 102-1.

On September 18, 2013, a federal grand jury sitting in the Middle District of Tennessee returned a three-count Superseding Indictment against the Defendant Daniel W. Green charging that the defendant knowingly and intentionally employ, use, persuade, induce, entice, and coerce a minor child under the age of twelve to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped or transported in interstate or foreign commerce, in violation of Title 18, U.S.C. 2251(a) and 2251(e); and did knowingly received and attempt to receive child pornography, as defined in Title 18, U.S.C. § 2256(8)(A), which files had been mailed, shipped, and transported in interstate commerce, in violation of Title 18, U.S.C. §§ 2252A(a)(2)(A) and 2252A(b).   (D.E. 83: Superseding Indictment).

The Forfeiture Allegation of the Indictment sought forfeiture, pursuant to 18 U.S.C. §

2253(a):

    (1)    any visual depiction described in 18 U.S.C. § 2251 or 2252A, of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

    (2)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

    (3)    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

including but not limited to the following:

    (a)    two computers (Dell Dimension 8250 Computer SN#4DQL521; eMachine Computer SN#PTNAE0501584515CB83001) seized from 7527 King Road, Fairview, Tennessee on November 25, 2009.

(hereinafter referred to collectively as 'Subject Property"). (D.E. 83: Superseding Indictment).

The Defendant Daniel W. Green agreed to a stipulation of forfeiture of the Subject Property upon conviction or one or more of the charges in the Indictment. (D.E. 102: Notice of Stipulation to Forfeiture)

On February 5, 2014, during trial proceedings, the Defendant Daniel W. Green, entered a plea of guilty to Counts One through Three the Superseding Indictment (D.E. 142: Minute Entry) charging violations of 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e), 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252A(b), and therefore pursuant to 18 U.S.C. § 2253(a) forfeiture may be ordered in regard to the above-described Subject Property because the property was:

(1) any visual depiction described in 18 U.S.C. § 2251 or 2252A, of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.   .

Rule 32.2(b)(1) and (b)(2), Federal Rules of Criminal Procedure, provide, in pertinent part, that:

> **(b)** **Entering a Preliminary Order of Forfeiture.**
>
> **(1)** **Forfeiture Phase of the Trial**
>
> **(A) Forfeiture Determinations**.  As soon as practical after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> **(B) Evidence and Hearing.**  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> **(2)** **Preliminary Order.**
>
> **(A) Contents of a Specific Order**.  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule

32.2(c).

**(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

. . .

**(3) Seizing Property**. The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Upon the issuance of the Preliminary Order of Forfeiture and pursuant to 21 U.S.C.§ 853(n), the United States will publish notice of this Order and of the Department of Treasury's intent to dispose of the Subject Property in such manner as the Department of Treasury may direct on-line at "www.forfeiture.gov," the official internet government forfeiture site, for thirty (30) consecutive days. The Government may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have alleged an interest in the Subject Property that is the subject of this Order. Said notice shall state that any person, other than the defendant, Daniel W. Green, having or claiming a legal interest in the Subject Property must file a petition with the Court (and serve a copy on Debra Teufel Phillips, Assistant United States Attorney, Middle District of Tennessee, 110 Ninth Avenue South, Suite A-961, Nashville, TN 37203) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the

petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

The United States further requests the court order that upon entry of a Final Order of Forfeiture, the Subject Property be wiped clean of all information prior to its disposal.

WHEREFORE, at a time prior to the imposition of sentence, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the Defendant Daniel W. Green's interest in the Subject Property described as:

a. two computers (Dell Dimension 8250 Computer SN#4DQL521; eMachine Computer SN#PTNAE0501584515CB83001) seized from 7527 King Road, Fairview, Tennessee on November 25, 2009.

WHEREFORE, the United States further requests that the Court order the United States Marshals Service (or his designee) to seize and maintain custody of the forfeited Subject Property and dispose of it in accordance with the law.

                Respectfully submitted,

                DAVID RIVERA
                United States Attorney

By:   s/ Debra Teufel Phillips
      DEBRA TEUFEL PHILLIPS, BPR #011706
      Assistant U.S. Attorney
      110 Ninth Avenue South, Suite A-961
      Nashville, Tennessee 37203
      Telephone: (615) 736-5151
      Facsimile: (615) 401-6626

5

Case 3:10-cr-00098   Document 154   Filed 06/27/14   Page 5 of 6 PageID #: 418

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2014, a copy of the foregoing Memorandum in Support of Motion For Preliminary Order of Forfeiture was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. mail to:

Jennifer L. Thompson
3200 West End Avenue Suite 500
Nashville, TN 37203

James A. Simmons
Hazel Path Mansion
105 Hazel Path
Hendersonville, TN 37075

                                              s/ Debra Teufel Phillips
                                              DEBRA TEUFEL PHILLIPS